# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Carlin Woods,** | **Case No. 4:20cv2547** |
| **Petitioner,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Warden Mark Williams, et al.** | **MEMORANDUM OPINION AND ORDER** |
| **Respondents.** | |

This matter is before the Court upon the Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 of *pro se* Petitioner Carlin Woods ("Petitioner" or "Woods") (ECF No. 1.) For the following reasons, Woods's Petition is dismissed without prejudice.

## I. Background

Woods is a federal inmate incarcerated at FCI Elkton ("Elkton"). On November 12, 2020, Woods filed an "Emergency Petition for Writ of *Habeas Corpus*" under 28 U.S.C. § 2241, seeking immediate release to home confinement on the basis of COVID-19 circumstances in the prison. ECF No. 1. He contends in his Petition that the conditions under which he is incarcerated at Elkton violate his rights under the Eighth Amendment, stating that despite having been identified as medically vulnerable and scheduled to be released to home confinement, Defendants deliberately delayed his release until "an appellate court rendered a decision" preventing his release. *Id.* at PageID # 1. Woods also asserts that the conditions at Elkton violate his rights under the Fourteenth Amendment, stating that the prison's use of the pattern risk assessment tool is discriminatory and the use of the 50% term of imprisonment requirement is not equitably applied. *Id.* at PageID # 2.

## II. Standard of Review

Section 2241 grants federal courts the power to issue writs of *habeas corpus* to prisoners being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate for claims challenging the execution or manner in which a prisoner's sentence is served. *Wilson v. Williams*, 455 F. Supp.3d 467, 475 (N.D. Ohio 2020) (Gwin, J.), vacated on other grounds, 961 F.3d 829 (6th Cir. 2020).

Promptly after the filing of a *habeas corpus* petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" *habeas corpus* petitions that lack merit on their face). No response is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

## III. Law and Analysis

A district court may properly dismiss a *habeas corpus* petition as duplicative where the petition is "essentially the same" as a previously filed petition. *Davis v. U.S. Parole Comm'n*, No. 88-5905, 870 F.2d 657, 1989 U.S. App. LEXIS 2682, 1989 WL 25837, *1 (6th Cir. Mar. 7, 1989)); *see also Frazier v. Williams*, No. 4:20 cv 1117, 2020 U.S. Dist. LEXIS 203093, at * 3 (N.D.Ohio, Oct. 30, 2020); *Letner v. Williams*, No. 4:20 cv 1592, 2020 U.S. Dist. LEXIS 148792, at *2 (N.D. Ohio Aug. 18, 2020). A suit is duplicative, and therefore subject to dismissal, "if the claims,

parties, and available relief do not significantly differ between the two actions." *Christy v. Lafler*, No. 05CV74560DT, 2005 U.S. Dist. LEXIS 38461, 2005 WL 3465844, at *2 (E.D. Mich. Dec. 19, 2005) (concluding that "Petitioner's current habeas petition is subject to dismissal as being duplicative of his still pending first habeas petition because both cases seek the same relief.").

Upon review, the Court finds that this action is duplicative of a previously filed and pending petition and therefore must be dismissed.

Here, Woods has been identified as a member of a medically vulnerable subclass of inmates at Elkton in a previously filed § 2241 habeas petition that is currently pending in the Northern District of Ohio. In *Wilson v. Williams*, 455 F. Supp.3d 467, United States District Judge James Gwin determined that a subclass of Elkton inmates is especially medically vulnerable to COVID-19 ("Vulnerable Subclass"). Judge Gwin directed the BOP to immediately identify inmates who meet the criteria of the Vulnerable Subclass and to evaluate each subclass members' eligibility for transfer out of Elkton. *See Wilson*, 455 F. Supp.3d at 481. Petitioner Woods was identified by the BOP as a member of the Vulnerable Subclass in that case. *See* ECF No. 35-1 filed in *Wilson* at PageID #: 526. The members of the Vulnerable Subclass in *Wilson*, which includes Woods, seek release to home confinement, parole, or halfway house. *Wilson*, 455 F. Supp.3d at 473-74.

After *Wilson* was filed, Woods filed the above-entitled action seeking release from Elkton to home confinement because of his medical vulnerability to COVID-19. The Petition is duplicative of *Wilson* because Woods, as a member of the Vulnerable Subclass, asserts essentially the same claims and seeks the same relief in both actions. And although *Wilson* was appealed to the Sixth Circuit Court of Appeals, the case remains pending in this Court.[1] Indeed, the district

---

[1] On June 9, 2020, the Sixth Circuit Court of Appeals vacated the preliminary injunction in *Wilson*, finding that the district court abused its discretion in granting a preliminary injunction without addressing the BOP's "legitimate concerns about public safety" regarding whether inmates could care for themselves upon release, and whether they presented a substantial risk to the general public without assurance they could do so. 961 F.3d at 845.

court's docket reflects that the parties have been engaging in settlement discussions and they recently filed a joint motion to stay proceedings, requesting "additional time to allow counsel to discuss proposed terms of [a] resolution with their clients." ECF No. 313 filed in *Wilson* at PageID # 2029. Woods's Petition must therefore be dismissed without prejudice.

## IV. Conclusion

Accordingly, the Petition in this matter is dismissed without prejudice in accordance with 28 U.S.C. § 2243 and Rule 4 of the Rules Governing *Habeas Corpus* Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: February 10, 2021

*s/ Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE